UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MORDECHAI SCHWARTZ, on behalf of himself :
and others similarly situated, :
                                               Plaintiff, :
                                                : **MEMORANDUM AND ORDER**
                -against- : 06-CV-1162 (DLI)(RLM)
WASHINGTON MUTUAL, INC., :
                                    Defendants. :
------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Mordechai Schwartz ("plaintiff") filed this suit against defendant Washington Mutual, Inc. ("defendant"), also known as Washington Mutual Bank, alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Defendant now moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. For the following reasons, defendant's motion is granted.

### FACTS

      The facts alleged in the amended complaint are as follows. At some point between March 2004 and March 2006, plaintiff received a correspondence from defendant stating that plaintiff was "pre-screened" to receive a Visa Platinum Card. Amended Compl. ¶ 6. A copy of the correspondence is annexed to the amended complaint as Exhibit A. Plaintiff did not initiate any transaction with defendant and did not authorize defendant to access the credit report for the purpose of determining whether plaintiff met the eligibility requirements for a Visa Platinum Card. Amended Compl. ¶ 20-21.

Under "Terms and Conditions" the correspondence stated that defendant conducted a preliminary review of plaintiff's credit history and determined that plaintiff met defendant's requirements. Amended Compl. Exhibit A. The correspondence went on to explain that if plaintiff accepts defendant's "offer" he will receive a credit line of "up to $30,000 or at least $500 at the rates below." *Id.* Plaintiff was guaranteed to receive the credit if he met "all the other requirements when you respond to our offer." *Id.* The correspondence states, in bold lettering that "[t]his offer is not guaranteed if you do not meet our criteria." *Id.* The correspondence states the annual percentage rates ("APR") and fees associated with the line of credit. *Id.* However, the correspondence reserves defendant's right to "change the APRs, fees and other terms of your account at any time in accordance with applicable law and the Account Agreement, which we will send you when your account is opened." *Id.* There is no allegation in the amended complaint that defendant would not have provided plaintiff a line of credit with identical terms to those in the offer had plaintiff responded to the correspondence and met the predetermined criteria.

## DISCUSSION

### Legal Standard

The court's role in deciding a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of the plaintiff's claims. *E.g., Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). The court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). A motion to dismiss under 12(b)(6) must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S.

41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[1][b] (3d ed.1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).

In deciding the motion, the court may consider documents upon which the plaintiff relied when drafting the complaint, such as "documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Brass v. Am. Film Techs. Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 197 (2d Cir. 2005) (finding that, on a motion to dismiss, the court need not accept plaintiff's description of the terms of the agreement, but may look to the agreement itself). Therefore, along with the complaint, the court will consider the correspondence containing the offer, which not only was an integral part of the amended complaint, but was also annexed to it.

Fair Credit Reporting Act

The FCRA primarily was enacted to protect a consumer's right to privacy in the information maintained by consumer reporting agencies. 15 U.S.C. § 1681(a)(4) ("[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."). To accomplish these goals, the FCRA puts certain restrictions on the ability of creditors to obtain a consumer's credit report. 15 U.S.C. § 1681b(a). Under the FCRA, a credit report may only be obtained with the written consent of the consumer or, if the consumer has not consented, for certain "permissible purposes." *Id; Cole v. U.S. Capital*, 389

F.3d 719, 725 (7th Cir. 2005). One permissible purpose is to extend a "firm offer of credit" to the consumer. 15 U.S.C. § 1681a(l); *Cole*, 389 F.3d at 725. The FCRA defines "firm offer of credit" as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a report to the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l). The offer may be conditioned on (1) preselected criteria bearing on credit worthiness; (2) verification that the consumer continues to meet such criteria; and (3) the consumer furnishing preselected and disclosed collateral. 15 U.S.C. § 1681a(l)(1-3). The criteria used to determine credit worthiness must be "established . . . before selection of the consumer for the offer." 15 U.S.C. § 1681a(l)(1).

Defendant's correspondence meets the statutory requirements of being a "firm offer." The offer is conditioned on preselected criteria, and the correspondence clearly states that the offer will only be honored if the plaintiff continues to meet that criteria.[1] There is no allegation in the compliant that defendant did not use preselected criteria or did not intend to honor the offer if the criteria were met. The FCRA does not require that the defendant disclose what criteria were used in the preselecting process. *See Tucker v. New Rogers Pontiac, Inc.*, 03 CV 862, 2003 WL 22078297, *3 (N.D.Ill. Sept. 9, 2003) ("[s]ection 1681a(l) provides that a creditor may extend such

---

[1]Although not at issue in this case, the FCRA requires a creditor to provide a "clear and conspicuous statement" of certain information to a consumer. 15 U.S.C. § 1681m(d)(1). The creditor must disclose that (1) it used information from the consumer's credit report in connection with the offer; (2) the consumer received the offer because she satisfied the creditor's criteria for credit worthiness; (3) failure to meet the section criteria or any applicable criteria bearing on credit worthiness may cause the creditor to rescind the offer; (4) the consumer has a right to prohibit her credit report from being used in connection with any credit transaction that she does not initiate; and (5) she may exercise her right to "opt out" of such credit transactions by contacting a specified toll-free number or by sending a written request to the credit agency at a given address. It is apparent from the face of the correspondence that defendant provided the required disclosures.

an offer and later revoke it, based on the creditor's own predetermined criteria, which it need not disclose to the consumer.").

Plaintiff contends that, because defendant can manipulate the terms of the agreement *after* the offer is accepted, defendant's offer is not "firm." The FCRA makes no mention as to whether an offer is still considered "firm" if the creditor can change the terms *after* the offer is accepted. However, defendant's ability to change the terms of the credit agreement *after* the offer is accepted does not mean that the offer itself did not meet the statutory requirements of a "firm offer." Had plaintiff responded to the correspondence, and met the additional predetermined criteria, plaintiff would have received a line of credit on the exact terms offered. At a later date (after the offer was accepted), defendant reserved the right to change the terms of the agreement, but doing so is not a violation of FCRA. This is not case like *Hernandez v. Chase Bank USA, N.A.*, 429 F. Supp. 2d 983 (N.D. Ill. 2006) where the terms of the offer did not rely on verification and analysis of *preselected* criteria as permitted by FCRA, but rather were contingent upon and went "beyond verification of preselected criteria." *Id.* at 988. In *Hernandez,* the correspondence suggested that the exact nature of the loan was subject to more than simply verification and analysis of preselected criteria, which is allowed by the FCRA. Instead, the nature of the loan was dependant on criteria which were subject to change. *Id.* Here, the criteria for acceptance remained constant. Additionally, this is not a case where the defendant was "not obligating itself to any specific" credit product. *See Murray v. IndyMac Bank, F.S.B.*, 04 C 7669, 2006 WL 3253643, *4 (N.D. Ill. Nov. 07, 2006). Defendant clearly was obligating itself to provide credit on the terms offered, if the selection criteria were met, while reserving the right to change the terms of the agreement later.

Consistent with this court's finding, other courts have held that "disclosure of every single

loan term [is not required] for an offer to be considered firm." *Cavin v. Home Loan Center Inc.*, 05 CV 4987, 2007 WL 92509, *7 (N.D. Ill. Jan. 10, 2007) (firm offer existed where the correspondence "did not provide the precise interest rate . . . [and did not] disclose every term and condition of the loan, such as the maximum negative amortization provisions and whether prepayment penalties or other fees will apply."). In contrast to the court in *Murray v. IndyMac Bank,* the court in *Cavin* found that a creditor would not run afoul of FCRA, even if the exact terms of the agreement are determined after the offer is accepted. While this court is reluctant to go as far as the court in *Cavin*, the court is concludes that, so long as the basic terms of the offer (such as the amount of available credit, range of interest rates, and applicable fees) are provided, and acceptance is guaranteed upon meeting preselected criteria, nothing in the FCRA precludes a defendant from changing the terms of the agreement after acceptance. *See also Putkowski v. Irwin Home Equity Corp.*, 423 F. Supp. 2d 1053, 1059 (N.D. Cal. 2006) (holding that an offer stating that the interest ranging from 5.65% to 24%, which is "subject to change," and "may not be available," on an amount of between $15,000 and $300,000 did not range too widely to constitute a "firm offer."); *Kennedy v. Chase Manhattan Bank*, USA, N.A., 369 F.3d 833, 841 (5th Cir. 2004) ("a firm offer of credit under the [FCRA] really means a 'firm offer if you meet certain criteria.'"); *but see Nasca v. J.P. Morgan Chase Bank, N.A.,* 06 CV 3472, 2007 WL 678407, *3-4 (S.D.N.Y. March 5, 2007) (noting that, because Congress did not require offers to list "specific credit amounts and rates," the court should not imply that they be disclosed for an offer to be considered firm).

In *Cole*, the Seventh Circuit concluded that, under the FCRA, offers must have "sufficient value" to be considered "firm." *Cole*, 389 F.3d at 726. However, a review of the FCRA reveals that there is no "sufficient value" requirement explicitly set forth therein. The Honorable Sidney H.

6

Stein, United States District Judge for the Southern District of New York, utilizing a strict construction analysis, recently declined to import the Seventh Circuit's sufficient value requirement into the FCRA. *Nasca v. J.P. Morgan Chase Bank, N.A,, supra.* The Second Circuit has not yet decided whether there is a "sufficient value" requirement under the FCRA. Based on the analysis set forth above, this court has already determined that, under the facts and circumstances herein, defendant did extend a firm offer as defined by the FCRA. Accordingly, this court need not address the question whether it should engage in a sufficient value analysis under *Cole* or adopt the approach of the *Nasca* court. However, even assuming, *ad arguendo,* that an offer must have "sufficient value" to be considered a "firm offer" under the FCRA, the defendant's offer in this case does have sufficient value.

In arriving at the "sufficient value" standard, the Seventh Circuit looked to the intent of Congress in passing the FCRA, and noted that an offer that does not provide "sufficient value" "upsets the balance Congress carefully struck between a consumer's interest in privacy and the benefit of a firm offer of credit for all those chosen through the pre-screening process. From the consumer's perspective, an offer of credit without value is the equivalent of an advertisement or solicitation." *Id*. at 726-27. In other words, "Congress did not intend to allow access to consumer credit information for catalogs and sales pitches." *Id.* at 727. The Seventh Circuit offered a framework for evaluating whether an offer had "sufficient value" to the consumer. *Id.* In order to determine "sufficient value," courts must consider "the entire offer and the effect of all the material conditions," including the amount of credit to be extended, whether approval is guaranteed, and the terms of the offer, such as the rate of interest charged, the method of computing interest, and the length of the repayment period. *Id*. If the court determines that the offer was merely a "guise for

7

solicitation rather than a legitimate credit product," it cannot be considered a firm offer. *Id.* at 727-28.

In *Perry v. First National Bank*, 459 F.3d 816 (7th Cir. 2006), the Seventh Circuit clarified its holding in *Cole* by identifying three factors for courts to consider in determining whether an offer has value: (1) does it appear likely the offer would be honored; (2) are the material terms of the offer adequately disclosed; and (3) is the amount of credit being offered minimal or subject to so many limitations that it is of little value. *Id.* at 824 (*citing Cole,* 389 F.3d at 728). No one factor is determinative; rather, the Court must consider the factors together when analyzing the entirety of the offer. See *Cole*, 389 F.3d at 728; *Perry*, 459 F.3d at 824.

Courts have applied these factors to an array of different offers, sometimes finding that they were firm offers and therefore met the statutory exception, and sometimes finding that they were not firm offers and therefore did not meet the statutory exception. In general, courts have required more specificity from credit card offers than from home loans or other collateral-based credit products. *See, e.g. Cavin*, 2007 WL 92509, *7 ("unlike a credit card, a mortgage is tailored to the individual consumer depending on such factors as how much he or she wishes to borrow, his or her current income, and the value of the property offered as collateral; all of this information would have to be provided by the individual borrower.").

With respect to the first factor, there is no allegation in the complaint that defendant would not have honored the offer. Although the correspondence states, in bold letters, "this offer is not guaranteed if you do not meet our criteria," *see* Compl. Exhibit A, the court interprets this to mean that, if the criteria are met, the credit is guaranteed. This is permissible under the FCRA. *See* 15 U.S.C. § 1681a(l)(1); *c.f. Krey v. Jennings Chevrolet, Inc.*, 06 CV 5043, 2006 WL 3392200, *3

8

(N.D. Ill. Nov 17, 2006) (finding no firm offer where the correspondence states "[t]his letter does not guarantee credit approval."). With respect to the second and third factors, whether the material terms of the offer are adequately disclosed and whether there is value, the court finds that defendant's offer qualifies as a firm offer. The terms of the offer are adequately disclosed: plaintiff was advised of the amount of credit being offered (between $500 and $30,000), and the interest rates (a promotional interest rate of either 0% or 13.99%, depending on the amount of credit used, a cash advance interest rate of 19.99%, and, after the promotional period, the greater of 13.99% or the prime rate plus 6.74% on purchases and the greater of 19.99% or prime rate plus 12.74% on cash advances). The offer also lists additional transaction fees that the consumer can expect. *See Forrest v. Universal Savings Bank F.A.,* 06 CV 445, 2006 WL 3486913, *3 (E.D. Wis. Dec. 1, 2006) (firm offer where no amount of credit was listed, but the offer was only available to customers transferring $5,000 or more); *Poehl v. Countrywide Home Loans, Inc.*, 06 CV 928, 2006 WL 3628982, *2 (E.D. Mo. Nov. 01, 2006) (firm offer where an interest rate ranged from 5.65% to 24% and was "subject to change," and "may not be available"); *c.f. Bruce v. Keybank Nat. Ass'n*, 05 CV 330, 2006 WL 3743749, *3 (N.D. Ind. Dec. 15, 2006) (no firm offer where the APR and credit terms were not explained, but were to be based on verified credit qualifications *after* the offer was accepted).

The court further finds that defendant's offer has value. If plaintiff meets the preselected criteria, he will be given at least $500 worth of credit on the terms specified for use anywhere Visa cards are accepted. This is not case like *Cole* where the use of the credit is restricted to the purchase of an automobile and approval is "neither express nor implied." *Cole*, 389 F.3d at 728. Apparently, there is a relatively low threshold for determining whether an offer has value. *See Perry*, 459 F.3d at 324-825 (credit card, despite its low initial credit limit ($75), had value to a consumer because it

could be used to purchase any products or services for which the credit card was accepted). Clearly, defendant's offer met both the statutory requirements, as well as the Seventh Circuit's "sufficient value" requirement.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted in its entirety, and the complaint is dismissed without costs to either party.


SO ORDERED.

DATED:     Brooklyn, New York
             April 29, 2007

                                                         _____/s/_____
                                                             DORA L. IRIZARRY
                                                     United States District Judge